7

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | Claim No: C-93120 |
| | § | |
| | § | |
| vs. | § | Case: 2:06-cv-15785 |
| | § | Assigned To: Cook, Julian Abele |
| | § | Referral Judge: Whalen, R. Steven |
| Fredrick F. Coates | § | Filed: 12-29-2006 At 01:58 PM<br>CMP USA V. COATES (TAM) |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

**Jurisdiction**

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

**Venue**

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 15406 Edmore Drive Detroit, MI 48205.

**The Debt**

3. The debt owed the USA is as follows:

| | |
|---|---|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $938.35 |
| B. Current Capitalized Interest Balance and Accrued Interest | $1,658.97 |
| C. Administrative Fee, Costs, Penalties | $.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $.00 |
| E. Attorneys fees | $.00 |
| **Total Owed** | **$2,597.32** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 8.000% per annum.

**Failure to Pay**

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: ______________________

PAMELA S. RITTER (P47886)
Attorneys for Plaintiff
28366 Franklin Road
Southfield, MI 48034
Tel. (248) 352-4340
Fax. (248) 352-3258

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

CERTIFICATE OF INDEBTEDNESS

Fredrick F. Coates
19507 Manor
Detroit, MI 48221
SSN:

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 11-24-98 .

On or about 2-6-89, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from Merchants National Bank of Topeka, c/o Loan Processing Center, Lincoln, NE at 8 percent interest per annum. This loan obligation was guaranteed by Nebraska Student Loan Program, and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 5-13-90 , and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,843.56 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 1-30-98 , assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $ 938.35 |
| Interest: | $ 1,051.61 |
| Administrative/Collection Costs: | $ .00 |
| Late fees: | $ .00 |
| Total debt as of 11-24-98 : | $ 1,989.96 |

Interest accrues on the principal shown here at the rate of $.21 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: December 1, 1998 Name: [signature]
Title Loan Analyst
Branch Litigation

DOUBLE SIDED FEB 14 1989 GSL

## Application/Promissory Note

WARNING: ANY PERSON WHO KNOWINGLY MAKES A FALSE STATEMENT OR MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 U.S.C. 1097. Read the instructions carefully.

### SECTION I - TO BE COMPLETED BY STUDENT BORROWER — Type or print clearly with a ballpoint pen.

1. Social Security #
2. Last Name: COATES First: FREDRICK M.I.: F
3. Birth Date (Mo./Day/Yr.)
4. Home Area Code/Telephone Number: 313 862-1907
5. Permanent Home Address Street: 19507 MANOR City: DETROIT State: MICH ZIP Code + 4: 48221
6. U.S. Citizenship Status: [X] (a) U.S. Citizen, National or related status; [ ] (b) Eligible Noncitizen (See instructions); [ ] (c) Neither a nor b (See instructions). Alien Registration #
7. Driver's License Number: NONE State
8. State of Legal Residence: State MICH Since 1964
9. Have you ever defaulted on an educational loan? (See instructions) [ ] Yes [X] No. If yes, give details on a separate sheet of paper, including what arrangements have been made, if any, to repay this debt.
10. Requested Loan Amount: $ 2625.00
11. Intended Enrollment: (See instructions.) [X] Full-time [ ] At least half-time [ ] Less than half-time
12. Prior to the school year for which this loan is intended, have you ever been enrolled in any school beyond the high school level? [ ] Yes [X] No
13. What period do you want this loan to cover? From (Mo./Yr.): 2/89 To (Mo./Yr.): 9/89
14. While in School, You Intend To Live ("X" One): [ ] With Parents [ ] On Campus [X] Off Campus. Address: SAME AS ABOVE Phone ( )
15. Major: 9 — Use Code on page 5 of instructions.
16. Do you have any outstanding GSL, FISL, PLUS, SLS, ALAS debts? [ ] Yes [X] No. If yes, list below. (See instructions). If no, write none and go to 17. Attach a separate sheet if more space is needed.

| Name of Lender | City & State of Lender | Unpaid Balance & Interest Rate | Loan Period Begin | Loan Period End | Loan Type GSL, FISL, PLUS etc. | Student Grade Level |
|---|---|---|---|---|---|---|
| N/A | | $ N/A % | | | N/A | |
| | | $ % | | | | |
| | | $ % | | | | |

17. (a) Endorser (if any) Parent or Guardian (Circle one) Name: Alvasse Coates Address: 19507 Manor City, State, ZIP: Detroit, Mich 48221 Phone-H.

(b) Adult Relative, Friend or Separated Parent (Circle one) Name: Lisa Knight Address: 20227 Appoline City, State, ZIP: Detroit, Mich 48235 Phone-H.

(c) Other Adult Relative or Friend (Circle one) Name: Albert Powell Address: 2760 [illegible] Gardens S. City, State, ZIP: Detroit, Mich 48206 Phone-H.

### PROMISSORY NOTE FOR A NSLP GUARANTEED STUDENT LOAN

A. I (and any endorser) PROMISE TO PAY to you or your order when this Note becomes due as set forth in Paragraph B, a sum certain equal to the loan amount I have requested in Section I, Item 10 of this application for a GSL Loan above, which is hereby incorporated by reference into this Promissory Note to the extent that it is advanced to me, plus interest as set forth in Paragraph C and any other charges which may become due as set forth in Paragraph F. All payments will be made to your address as indicated on my Disclosure Statement, or to any other address of which you notify me. I understand that by accepting the proceeds of this loan I am agreeing to repay the sum advanced to me including guarantee and origination fees under the terms and conditions of this Promissory Note and Disclosure Statement. I further understand and agree that if the sum in the Disclosure Statement is less than the sum stated in this note that I am obligated to repay the sum stated in the Disclosure Statement.

I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN IT BEFORE I READ IT, INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF OTHERWISE ADVISED. I AM ENTITLED TO KEEP AN EXACT COPY OF THIS APPLICATION AND PROMISSORY NOTE. I AM ALSO ENTITLED TO KEEP AN EXACT COPY OF THE DISCLOSURE STATEMENT TO BE ISSUED TO ME BEFORE I ACCEPT MY LOAN CHECK. BY SIGNING THIS NOTE, I ACKNOWLEDGE THAT I HAVE KEPT AN EXACT COPY OF MY APPLICATION/PROMISSORY NOTE COMPLETED THROUGH SECTION I. BY SIGNING THIS NOTE, I CERTIFY THAT I HAVE READ, UNDERSTAND, AND AGREE TO BOTH THE BORROWER CERTIFICATION ON ITS REVERSE SIDE AND THE STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBILITIES ON PAGE 5. (PROMISSORY NOTE CONTINUES ON REVERSE SIDE.)

18a. Signature of Borrower: Fredrick F. Coates Date: 2-6-89
18b. Signature of Endorser (if any) Date

### SECTION II - TO BE COMPLETED BY SCHOOL

19. Name of School: MICHIGAN COMPUTER INST
20. For School Use: 0
21. School Code: 023267 Branch I.D.: 0000
22. Address Street: 20770 GREENFIELD City: OAK PARK State: MICH ZIP Code + 4: 48237
23. Area Code/Telephone Number: 313 968-1919
24A. Loan Period (Mo./Day/Yr.) From: 2/7/89 To: 9/29/89
24B. Borrower Enrollment: [X] Full-time [ ] At least half-time [ ] Less than half-time
25. Borrower Grade Level: Correspondence 0 [ ]; Undergraduate [X]1 [ ]2 [ ]3 [ ]4 [ ]5; Graduate/Professional 6 [ ] 7 [ ] 8 [ ] 9 [ ]
26. Dependency Status: [ ] Dependent [X] Independent
27. Anticipated Graduation Date (Mo./Day/Yr.): 9/29/89
28. Estimated Cost of Education for Loan Period: $ 9,443
29. Estimated Financial Aid for Loan Period: $ 2,200
30. Expected Family Contribution for Loan Period: $ 0
31. Difference (Item 28 minus Items 29 and 30): $ 7,243
32. Amount School Approves: $ 2625
33. My signature certifies that I have read and agreed to the School Certification on the reverse side. Signature of School Official: Deborah Squirewell Date: 2/6/89 Print Name & Title: DEBORAH SQUIREWELL DIR FIN AID
34. Suggested Disbursement Dates (Mo./Day/Yr.): 1. 2 14 89 2. 3.

### SECTION III - TO BE COMPLETED BY LENDER

35. Name of Lender: Merchants National Bank of Topeka C/O Loan Processing Center
36. For Lender Use: 0
37. Scheduled Disbursement Amounts and Dates (Mo./Day/Yr.): 1. $ 2625 2 15 89; 2. $; 3. $; Total $ 2625
38. Address: P. O. Box 6961 City: Lincoln, State: NE ZIP Code + 4: 68506
39. Area Code/Telephone Number: (913) 291-1213
40. Signature of Authorized Lending Official: Carol Samqua KRD
41. Lender Code: 804725
42. Print or Type Name and Title: Carol Samqua, Student Loans
43. Date (Mo./Day/Yr.): 2-14-89
44. NSLP USE
45. List current borrower indebtedness at your institution (see instructions) GSL/FISL $ PLUS/SLS/ALAS $

LENDER

© NSLP, Inc. All rights reserved

3486 ?93-03 90085-03

... (continued from Application/Promissory Note)

... Note Becomes Due: I will repay this loan in periodic installments during a repayment period that will begin no later than the day after the last day of my grace period. My grace period ... period of time which begins when I cease to be enrolled as at least a half-time student at a school that participates in the Guaranteed Student Loan Program. During my grace period, however, I may request that my repayment period begin on an earlier date.

C. **Interest:** (1) I agree to pay an amount equivalent to simple interest (as specified in (4)) on the unpaid principal balance from the date of disbursement until the entire principal sum and accrued interest are paid in full. (2) However, the U.S. Secretary of Education ("Secretary") will pay the interest that accrues on this loan prior to repayment status and during any deferment, if it is determined that I qualify to have such payments made on my behalf under the regulations governing the Guaranteed Student Loan Program ("GSLP"). In the event that the interest on this loan is payable by the Secretary, neither the lender nor other holder of this Note may attempt to collect this interest from me. I may, however, choose to pay this interest myself. (3) Once the repayment status begins I will be responsible for payment of all interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT in this Promissory Note. (4) The interest rate will be determined according to the following: (a) If I have an outstanding Guaranteed Student Loan(s) ("GSL") on the date I sign this Note, the applicable interest rate will be the same as the applicable interest rate on the outstanding GSL(s). (b) If I am borrowing for a period of enrollment which begins before July 1, 1988, and I have no outstanding GSL(s), the applicable interest rate on this loan will be 8%. (c) If I am borrowing for a period of enrollment which begins on or after July 1, 1988, and I have no outstanding GSL(s) but I do have an outstanding balance on any PLUS, Supplemental Loans for Students ("SLS") made for enrollment periods beginning before that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8%. (d) If I am borrowing for a period of enrollment which begins on or after July 1, 1988, and I have no outstanding balance on any GSL, PLUS, or SLS made for enrollment period(s) beginning before that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8% until the end of the fourth year of my repayment status and will be 10% beginning with the fifth year of my repayment status. (5) The applicable interest rate (a) until the end of the fourth year of my repayment status, and (b) beginning with the fifth year of my repayment status, will be identified on the Disclosure Statement. (6) I may also receive rebates of interest, if required by the Higher Education Act of 1965, as amended, when the applicable interest rate is 10%. (7) The lender or other holder of this note may add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with policies of NSLP.

D. **The Guarantee Fee:** If required to do so by the lender, I will pay to the lender an amount equal to the premium that the lender is required to pay to the guarantee agency to obtain insurance coverage on this loan. The lender will deduct this premium proportionately from each disbursement of principal on this loan.

**The Origination Fee:** If required to do so by the lender, I will pay to the lender an origination fee not to exceed the percentage of the loan amount that is authorized by Federal law. The lender may deduct this fee from the proceeds of the loan.

E. **Default and Acceleration:** Default means the failure of a borrower to make an installment payment when due, or to meet other terms of the Promissory Note under circumstances where the Secretary or the NSLP finds it reasonable to conclude that the borrower no longer intends to honor the obligation to repay, provided that this failure persists for (1) 180 days for a loan repayable in monthly installments; or (2) 240 days ... this loan (1) the lender may declare the entire unpaid amount of the loan including interest, immediately due and payable; (2 ... information about the default; (3) I will be ineligible to receive assistance from any of the fo ... ork-Study, State Student Incentive Grant Perkins Loan (formerly called National Direct Stud ... n Loans; and (4) I will be ineligible for the benefits described under Deferment and Interest ...

F. **Collection Costs-Late Charges:** If I fail to pay any ... 's fees - that are permitted by Federal law and regulations for the collection of these amount ... tices Act, I will pay those collection costs which do not exceed 25 percent of the unpaid pri ... rge if I fail to pay all or part of a required installment payment within 10 days after it is du ... ed as described under Deferment in this Promissory Note. A late charge may not exceed 6 ...

G. **Prepayment:** I may, at my option and without pen ... rebate of any unearned interest that I have paid.

H. **Additional Agreements:** (1) The proceeds of this ... y Note. (2) Any notice required to be given to me, including my Disclosure Statement, will b ... any endorser. (3) Your failure to enforce or insist that I comply with any terms of this Note is ... (4) If NSLP is required under its guarantee to repay my loan(s) because I have defaulted, NS ... der to enforce this Note against me. (5) My loan will be cancelled if I die or become totally an ... ther holder of this Note. (7) The endorser, if any, signs the Promissory Note in the capacity of ... mand, presentment for payment, notice of nonpayment, protest, and notice of protest, and ... twithstanding any deferment in accordance with Section I of this Promissory Note or modif ... ts.

I. **Deferment:** You will let me pay interest only, if su ... f my repayment period has begun if I am not in default, and I can provide you with written evi ... nsibilities. I must notify my lender when the condition entitling me to the deferment no longe ... options.

J. **Repayment in Installments:** I will repay the tot ... ed in Paragraph E, in which case the entire outstanding principal balance plus any unpaid i ... Paragraph B, you will send me a Repayment Disclosure which shows the repayment terms t ... y this Note. The Repayment Disclosure may include all loans I have received from you under ... payments for a period of not less than 5 nor more than 10 years after this Note becomes due ... on, I may agree to a repayment period that is shorter than 5 years. However, I may at any tim ... years. My total payments for any year of the repayment period for all my GSL, PLUS and S ... use on any GSL, PLUS or SLS Loan (or the balance of all such loans plus accrued interest ...

K. **Credit Bureau Notification: If I default on this ... may significantly and adversely affect my ability to obtain other credit.** If I default on th ... about the default will be disclosed to credit bureau organizations unless I enter into repay ... he repayment status of this loan to any credit bureau organization and must make a timely r ... cy and completeness of information reported about me. If not otherwise prohibited by law, I ...

L. **Borrower Rights and Responsibilities:** Before ... nted on page 6 of this booklet.

M. **Transfer of Note:** This Note may be transferred ... he parties as set forth herein. I will be notified of any such transfer in writing.

## ASSIGNMENT OF PROMISSORY NOTE

### AFFIX TO BACK OF PROMISSORY NOTE

**Pay to the order of NSLP, Nebraska Student Loan Program, Inc., without recourse, provided, however, notwithstanding this endorsement without recourse, the undersigned hereby expressly:**

**1. Warrants that:**

**a) no defense of any party against the undersigned; and**

**b) the undersigned is in compliance with the terms of that certain Lender Agreement for Guarantee of Student loans with Federal Reinsurance ("Lender Agreement") between it and NSLP, in accordance with which payment of the indebtedness evidenced by this instrument was guaranteed by NSLP.**

**c) warrants that to the extent it has knowledge of any insolvency proceeding it has disclosed the same to NSLP.**

**2. Acknowledges that:**

**a) upon payment in full by NSLP of the claim submitted by the undersigned pursuant to the aforesaid Lender Agreement, NSLP will have discharged all of its obligations to the undersigned arising out of said Lender Agreement; and**

**b) notwithstanding payment by NSLP of the undersigned's claim and acceptance by NSLP of transfer of this instrument in consideration thereof, NSLP has not waived any rights that it may have against the undersigned pursuant to the terms of the aforesaid Lender Agreement.**

[signature] 11/17/90

SIGNATURE DATE

Harlan Greenstein

NAME TITLE

8908APN01

**Borrower Certification**

I declare under penalty of perjury under the laws ... application is true, complete and correct to the be... ... the information contained in Section I of this up to the amount of this loan. I further authorize any school that I may attend to release to the lender any refund which may be due to me and to redisclose to other educational institutions for any purpose permitted by law, any information requested by such persons pertinent to this loan ... epartment of Education, NSLP, or their agents, (e.g., employment, enrollment status, and other aspects of my student loan borrowing history). I certify that the proceeds of any loan made as a result of this application will be used for educational expenses for the loan period covered by this application at the school named in Section II. I understand that I must immediately repay any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to attendance in that school for the loan period stated in Item 24A. I certify that the total amount of loans received under the Guaranteed Student Loan Program, Title IV, Part B (P.L. 89-329) as amended, will not exceed the allowable maximums. I further certify that I do not now owe a refund on a Pell Grant, Basic Grant, Supplemental Educational Opportunity Grant, or State Student Incentive Grant that I received to attend any school and am not now in default on a Perkins Loan (formerly National Direct or Defense Student Loan), Guaranteed Student Loan, Federally Insured Student Loan, PLUS Loan, SLS Loan, or an ALAS Loan for attendance at any school. I further authorize my lending institution to issue a check covering the proceeds of my loan, in full, or in part, made payable to me, or at the lender's option, jointly payable to me and the school, and sent to the school named in Section II. I have read and understand the "Statement of Borrower's Rights and Responsibilities" supplied with this application. I also certify that I am not enrolled in an elementary or secondary school during the loan period covered by this application.

I understand that I will receive a Disclosure Statement that identifies my loan amount (as determined by the lender), the fee amounts, due dates, grace period, late charges, and other information pertinent to my loan(s). I understand and agree that if the information on the Disclosure Statement conflicts with the information on the Application/Promissory Note, the information on the Disclosure Statement applies.

**School Certification**

I hereby certify that the student named in Section I is accepted for enrollment, or is enrolled as at least a half-time student, is in good standing and is making satisfactory progress in a program determined to be eligible for the Guaranteed Student Loan Program. I further certify (for periods of enrollment beginning on or after July 1, 1987) that this student is enrolled or accepted for enrollment in a degree or certificate program. Based on records available to me, I further certify that this student is neither in default nor owes a refund with respect to financial assistance under Title IV of the Higher Education Act of 1965, as amended, for attendance at this or any school, and that the information provided in Section II is true, complete, and correct to the best of my knowledge and belief. I certify that based upon records available at this institution this student has satisfied the requirements under the Selective Service Act necessary to receive financial aid. I further certify that I have determined the eligibility or ineligibility for a Pell Grant.

**NOTICE TO BORROWER AND ENDORSER: BY YOUR SIGNATURE ON THE OTHER SIDE OF THIS APPLICATION/PROMISSORY NOTE YOU ARE AGREEING TO THE ABOVE TERMS AND CERTIFICATION**

JS 44 (Rev. 11/04) **CIVIL COVER SHEET** County in which this action arose: Wayne

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

UNITED STATES OF AMERICA

(b) County of Residence of First Listed Plaintiff ____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)
Holzman, Ritter & Leduc PLLC
28366 Franklin Rd., Southfield, MI 48034

**DEFENDANTS**

Fredrick F. Coates
15406 Edmore Drive
Detroit, MI 48205

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Select One Box Only)

- ☑ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Select One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☑ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen o[f] Foreig[n] | | | | | |

Case: 2:06-cv-15785
Assigned To: Cook, Julian Abele
Referral Judge: Whalen, R. Steven
Filed: 12-29-2006 At 01:58 PM
CMP USA V. COATES (TAM)

**IV. NATURE OF SUIT** (Select One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ■ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
- Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEI[TURE/PENALTY]**
- ☐ 610 ...
- ☐ 620 ...
- ☐ 625 ...
- ☐ 630 ...
- ☐ 640 ...
- ☐ 650 ...
- ☐ 660 ... Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Access to Justice
- ☐ 950 Constitutionality of State Statutes

152

**V. ORIGIN** (Select One Box Only)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (**Do not cite jurisdictional statutes unless diversity**):
Recovery of funds due to default on a contract plan with an agency of the USA or a contract or plan insured by an agency of the USA
28 U.S.C. 3[1]x et al
Brief description of cause:
Defaulted Student Loan

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 **DEMAND $** CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ Yes ☑ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE ____ DOCKET NUMBER ____

DATE: May 1, 2006 SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

12/27/06

[signature]

PURSUANT TO LOCAL RULE 83.11

1. Is this a case that has been previously dismissed?

☐ Yes
☒ No

If yes, give the following information:

Court: ______________________________

Case No.: ______________________________

Judge: ______________________________

2. Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)

☐ Yes
☒ No

If yes, give the following information:

Court: ______________________________

Case No.: ______________________________

Judge: ______________________________

Notes :